1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JEANNE SUCHODOLSKI,

              Plaintiff,

     v.

CARLOS DEL TORO, Secretary,
Department of the Navy,

              Defendant.

CASE NO. 2:24-cv-00686-JNW

ORDER DENYING DEFENDANT'S
FOR JUDGMENT ON THE
PLEADINGS

## 1. INTRODUCTION

Defendant Carlos Del Toro, Secretary of the Department of the Navy, moves
for judgment on the pleadings under Federal Rule of Civil Procedure 12(c).[1] Dkt.
No. 18. Having considered the motion, all supporting and opposing papers, the
record, and the law, the Court DENIES the motion for the reasons stated below.

---

[1] The Court takes judicial notice that on January 20, 2025, President Donald Trump
named Terence Emmert as acting Secretary of the Navy. Fed. R. Evid. 201(b)(2); *see*
The Whitehouse, "President Trump Announces Acting Cabinet and Cabinet-Level
Positions," (Jan. 20, 2025), https://www.whitehouse.gov/presidential-actions/
2025/01/designation-of-acting-leaders/. Because Del Toro no longer holds office,
Emmert—as Del Toro's successor—is "automatically substituted" as the defendant
in this action. Fed. R. Civ. P. 25(d).

## 2. BACKGROUND

Plaintiff Jeanne Suchodolski sued her employer, the Department of the Navy ("Department" or "Navy"), under Title VII for subjecting her to a sex-based hostile-work environment and retaliation. Dkt. No. 1. In March 2021, following prior EEO activity at the Naval Undersea Warfare Center, Sucodolski transferred to a new position, working remotely as "a Director of Innovation Protection Policies at the Office of Naval Research (ONR)." *Id*. ¶¶ 12–13. In this role, she serves as a command-level senior program analyst responsible for intellectual property management and protection against global threats to the innovation ecosystem and defense industrial base. *Id*. ¶¶ 14–15. Suchodolski is not an attorney, but her job often requires her to consult ONR legal counsel for advice. *Id*. ¶ 16.

Sucodolski alleges she was "happy and thriving" in her new position for about a year until Kristin Becker, who Sucodolski had named as a Responsible Management Official in her prior EEO complaint, arrived at ONR. *Id*. ¶ 19. Sucodolski alleges that Becker, along with other ONR attorneys, then began a pattern of discriminatory and retaliatory conduct against her, including:

- Assigning Tracy Lin, who was serving as opposing counsel in Sucodolski's EEO case at the time, as Sucodolski's ethics counsel responsible for reviewing her financial disclosures and speaking requests, creating an inherent conflict of interest. *Id*. ¶¶ 25–28.

- Denying Sucodolski access to Lexis Nexis legal research tools necessary for her position, despite Sucodolski already possessing a prepaid Office of General Counsel Lexis account. *Id*. ¶¶ 33–34.

ORDER - 2

- Blocking Sucodolski's request for contract research support, even though multiple supervisors had authorized the position. *Id.* ¶¶ 36–38.

- Attempting to reduce Sucodolski's job responsibilities by directing a male colleague to edit a contractor role position description in a way that would remove elements of Sucodolski's position. *Id.* ¶ 39.

- Excluding Sucodolski from meetings and communications regarding a Memorandum of Understanding (MOU) between ONR, the U.S. Patent Office (USTPO), and the Defense Technical Information Center (DITC), despite Sucodolski being the project lead and responsible for the final work product. *Id.* ¶¶ 45–48.

- Directing male attorneys to attend meetings with the USPTO Director without Sucodolski's knowledge or invitation, undermining her leadership of the project. *Id.* ¶¶ 49–50.

Sucodolski alleges these actions and other conduct were part of a broader pattern of discrimination against women who file EEO complaints and reflect a "prevailing management bias within the law departments [against] victims of gender harassment, discrimination, and retaliation." *Id.* ¶¶ 56–58. She alleges that when she reported these issues to Captain Casey Plew, he stated that "he could not do anything because Ms. Suchodolski had filed an EEO complaint." *Id.* ¶ 35. This conduct has caused delays in critical projects, harmed Sucodolski's professional reputation, and led to the re-emergence of her PTSD symptoms. *Id.* ¶¶ 42-44, 61-63.

1

2

# 3. DISCUSSION

3

## 3.1  Legal standard.

4

5    "After the pleadings are closed—but early enough not to delay trial—a party

6    may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). The standard for

7    deciding Rule 12(c) and (b)(6) motions are "functionally identical." *Cafasso, U.S. ex

8    *rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011)

9    (citations omitted). As with a Rule 12(b)(6) motion, in reviewing a Rule 12(c) motion,

10    "a court must assess whether the complaint 'contains sufficient factual matter,

11    accepted as true, to 'state a claim to relief that is plausible on its face.'" *Chavez v.*

12    *United States*, 683 F.3d 1102, 1108 (9th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556

13    U.S. 662, 678 (2009)). "'A claim has facial plausibility when the plaintiff pleads

14    factual content that allows the court to draw the reasonable inference that the

15    defendant is liable for the misconduct alleged.'" *Id.* at 1108–09 (quoting *Iqbal*, 556

16    U.S. at 678). "Ultimately, 'judgment on the pleadings is proper when the moving

17    party clearly establishes on the face of the pleadings that no material issue of fact

18    remains to be resolved and that they are entitled to judgment as a matter of law.'"

19    *PCF Ins. Servs. of the W., LLC v. Fritts*, No. C23-1468-JCC, 2025 WL 459155, at *3

20    (W.D. Wash. Feb. 11, 2025) (quoting *Hal Roach Studios, Inc. v. Richard Feiner &*

21    *Co., Inc.*, 896 F.2d 1542, 1550 (9th Cir. 1990)).

22

## 3.2  The Court declines to convert the Navy's motion for judgment on the pleadings into one for summary judgment.

23    The Navy moves for judgment on the pleadings alone, but at the same time,

submits additional evidence in support of its motion, including a Final Agency

Decision. Dkt. No. 19-1. The Court's review at this stage is limited to the complaint, the answer, exhibits attached to the complaint, and matters subject to judicial notice. *See Yakima Valley Mem'l Hosp. v. Wash. State Dep't of Health*, 654 F.3d 919, 925 n.6 (9th Cir. 2011); *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011). When matters outside the pleadings are presented, the Court has discretion to either exclude the added material or convert the motion to one for summary judgment. *Yakima Valley Mem'l Hosp.*, 654 F.3d at 925 n.6. If the Court chooses to convert the motion, all parties must be given "reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

The Court declines to convert the motion and will exclude materials outside the pleadings from consideration. To the extent that the Navy relies on additional materials to show that Sucodolski's claims are likely to fail, such consideration would be premature at the pleading stage. Indeed, even if the Court believes that success on the merits is unlikely, that is not a proper basis for judgment on the pleadings. *See Wager v. Pro*, 575 F.2d 882, 884 (D.C. Cir. 1976) ("The law is settled that a judgment on the pleadings is not appropriate where the complaint raises issues of fact which if proved would defeat recovery. . . . This is so even if the trial court is convinced that the party opposing the motion is unlikely to prevail at trial." (internal citations omitted)).

### 3.3    Sucodolski states a plausible Title VII hostile-work environment and retaliation claims.

To state a hostile-work environment claim, Sucodolski must plausibly allege that she was subjected to unwelcome conduct because of her sex that was

1    sufficiently severe or pervasive enough to alter the conditions of her employment.

2    *Fuller v. City of Oakland, California*, 47 F.3d 1522, 1527 (9th Cir. 1995).

3        Sucodolski alleges a pattern of conduct undermining her authority and ability

4    to perform her job duties. She alleges that male colleagues were included in

5    meetings and communications from which she was excluded, particularly regarding

6    the MOU project she was leading. She also alleges that Becker, who had failed to

7    address gender-based harassment in Sucodolski's prior position, continued a

8    pattern of discriminatory conduct by denying her necessary resources and

9    attempting to reduce her job responsibilities through male intermediaries. While

10   the Navy contends these actions were justified by legitimate business concerns

11   about the scope of Sucodolski's role, weighing competing explanations for the

12   alleged conduct is inappropriate at the pleading stage. Drawing all reasonable

13   inferences in Sucodolski's favor, as the Court must, the totality of circumstances

14   alleged plausibly suggests discriminatory conduct sufficient to alter the conditions

15   of employment.

16       To state a retaliation claim, Sucodolski must plausibly allege that (1) she

17   engaged in protected activity, (2) she suffered an adverse employment action, and

18   (3) there was a causal link between the protected activity and the adverse action.

19   *Nilsson v. City of Mesa*, 503 F.3d 947, 954 (9th Cir. 2007). The complaint clearly

20   alleges prior EEO activity and that key decision-makers, including Becker and Lin,

21   were aware of this activity. Sucodolski alleges the adverse actions began shortly

22   after Becker's arrival at ONR, and most significantly, alleges that Captain Plew

23   explicitly stated he could not help her "because [she] had filed an EEO complaint."

These allegations of retaliatory motive, combined with the temporal proximity between Becker's arrival and the alleged adverse actions, plausibly suggests retaliation.

### 3.4    Suchodolski has stated a plausible claim for economic damages.

The Navy also moves to strike Suchodolski's prayer for lost wages and benefits. Suchodolski does not address this argument in her opposition. While such "partial" judgments on the pleadings are permitted, *see Chandavong v. Fresno Deputy Sheriff's Ass'n*, 599 F. Supp. 3d 1017, 1020 (E.D. Cal. 2022), the Court may grant one here only if it appears that under no set of circumstances would recovery be possible, *Ricotta v. State of Cal.*, 4 F. Supp. 2d 961, 979 (S.D. Cal. 1998), *aff'd sub nom. Ricotta v. State of Calif.*, 173 F.3d 861 (9th Cir. 1999). Given Suchodolski's allegations of impaired job performance and delayed projects, Dkt. No. 1 ¶¶ 42-44, the Court cannot say with certainty that no set of facts could justify economic damages. Thus, the Court declines the Navy's request to strike Suchodolski's prayer for lost wages and benefits.

## 4.  CONCLUSION

For the reasons stated above, Defendant's Motion for Judgment on the Pleadings is DENIED. Dkt. No. 18.


Dated this 4th day of March, 2025.


Jamal N. Whitehead
United States District Judge